UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                              Plaintiff,<br><br>  v.<br><br>ARNALDO VARGAS, *et al.*,<br><br>                            Defendants. | Case No. 19-cv-01166-BAS-JLB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>**[ECF No. 18]** |

      Pending before the Court is a Motion for Default Judgment ("Motion") filed by Plaintiff Chris Langer against Arnaldo and Irma Vargas and JCP Mexican Restaurant, LLC ("Restaurant"). (Mot, ECF No. 18.) Plaintiff seeks to damages and injunctive relief for a violation of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). None of the defendants has opposed this motion. The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the following reasons the Court **GRANTS** Plaintiff's Motion.

**I.    LEGAL STANDARD**

      Rule 55(b)(2) of the Federal Rules of Civil Procedure governs application to the court for default judgment. *See* Fed. R. Civ. P. 55(b)(2). Default judgment is available as long as the plaintiff establishes: (1) the defendants have been served with the summons and complaint and default was entered for their failure to appear; (2) no defendant is a minor or an incompetent person; (3) no defendant is in the military service or otherwise subject

to the Soldiers and Sailors Relief Act of 1940; and (4) if a defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least seven days prior to the hearing. *See* Fed. R. Civ. P. 55; *Twentieth Century Fox Film Corp., v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

Entry of default judgment is within the trial court's discretion. *See Taylor Made Golf Co., Inc. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 660 (S.D. Cal. 1997), citing *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). In making this determination, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default, the factual allegations in a plaintiff's complaint, except those relating to damages, are deemed admitted. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1989). Where the amount of damages claimed is a liquidated sum or capable of mathematical calculation, the court may enter a default judgment without a hearing. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). When it is necessary for the plaintiff to prove unliquidated or punitive damages, the court may require a plaintiff to file declarations or affidavits providing evidence for damages in lieu of a full evidentiary hearing. *Transportes Aeros De Angola v. Jet Traders Invest. Corp.*, 624 F. Supp. 264, 266 (D Del. 1985).

## II.     DISCUSSION

### A.     Procedural Requirements

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Rules 55 and 54(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 55(a), the clerk of the Court properly entered default against all three Defendants: Arnaldo Vargas, Irma Vargas and the Restaurant. (ECF Nos. 13, 14, 17.)   All three defendants were served

with the summons and complaint and failed to plead or otherwise defend this action. (ECF Nos. 3, 6, 7.) No defendant is a minor, an incompetent person, in the military service or otherwise subject to the Soldiers and Sailors Civil Relief Act of 1940. No defendant has appeared in the action. Finally, the motion complies with Rule 54(c) in that it requests a remedy that is not different in kind from that prayed for in the complaint. (*See* Compl., ECF No. 1). Thus, the Court, in its discretion, may order a default judgment against all three Defendants. But before entering default judgment, the Court must first review each claim under the factors enumerated in *Eitel*.

### B.  *Eitel* Factors

#### 1.  Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff, a disabled person, alleges that he suffers discrimination due to Defendants' failure to comply with the ADA and the Unruh Act. When a defendant has failed to appear and defend the claims, as here, a plaintiff will be without recourse and suffer prejudice unless default judgement is entered. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (granting a default judgment for a disabled plaintiff suing under the ADA and Unruh Act).

#### 2.  Substantive Merits and Sufficiency of the Complaint

Two of the *Eitel* factors are the merits of the plaintiff's substantive claim and the sufficiency of the complaint. 782 F.2d at 1471-72. The Ninth Circuit has suggested that these two factors require that a plaintiff "state a claim on which the [plaintiff] may recover." *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996), citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

In this case, Plaintiff asserts causes of action for a violation of the ADA and the Unruh Act. To succeed under his ADA claim, Plaintiff must "establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the

plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008). Failure to have sufficient handicapped parking spaces resulting in denial of entrance to a business by a handicapped individual constitutes discrimination under the ADA. *See Johnson v. Cala Stevens Creek Monroe, LLC*, 401 F. Supp. 3d 904, 909 (N.D. Cal. 2019) ("a lack of accessible parking constitutes a barrier under the ADA"). A parking lot with between 1 and 25 spaces must have at least one van-accessible parking space. 36 C.F.R., Part 1191, Appendix B § 208.2. A violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Both the landlord who owns the building and the tenant who operates the place of public accommodation are responsible for non-compliance with the ADA. 28 C.F.R. § 36.201(b); *see also Botosan v. Paul McNally Realty*, 216 F.3d 827, 833 (9th Cir. 2000) ("a landlord has an independent obligation to comply with the ADA.")

Plaintiff alleges he is a paraplegic who uses a wheelchair for mobility. (Compl. ¶1; Decl. of Chris Langer ("Plf.'s Decl.") ¶ 2, Ex. 2 to Mot., ECF No. 18-4.) He claims that on June 8, 2019 he went to the Santa Ana Fresh Mexico Food in Vista, California to get something to eat. (Compl. ¶ 10; Plf.'s Decl. ¶ 5.) Although there was at least one parking space marked as reserved for persons with disabilities, there was no van-accessible parking place at this location. (Compl. ¶¶ 13–14; Plf.'s Decl. ¶ 6.) Plaintiff's allegations are confirmed by an investigator. (Decl. of Plf.'s Investigator Zion Sapien ("Sapien Decl.") ¶¶ 1–5, Ex. 3 to Mot., ECF No. 18-5.) Because of this architectural barrier, Plaintiff was unable to access the market. (Compl. ¶¶ 16–17; Plf.'s Decl. ¶¶ 7, 9.) Plaintiff alleges that Arnaldo and Irma Vargas are the owners of the building where the Santa Ana Fresh Mexico Food operates, and JCP Mexican Restaurant, LLC is the tenant. (Compl. ¶¶ 2–5; ECF No. 18-7.) Therefore, Plaintiff alleges sufficient facts in the Complaint, and the allegations appear to have merit.

### 3. The Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1175*; see also*

*Eitel*, 782 F.2d at 1471–72. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant[s'] actions." *Truong Giang Corp., v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007) (citing *Totten v. Hurrell*, No. 00-2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001)).

In this case Plaintiff is requesting $4,000 against each of the owner and tenants of the building where Santa Ana Fresh Mexican Food operates. (ECF No. 18-12.) The Unruh Civil Rights Act provide for statutory minimum damages of $4,000. Cal. Civ. Code § 52(a). These are statutory penalties and not compensatory damages. *Lentini v. California Center for the Arts, Escondido*, 370 F.3d 837 (9th Cir. 2004). Hence, Plaintiff's request for damages in the amount of $4000 against each defendant is not unreasonable in light of the allegations in the Complaint.

### 4.    Possibility of Dispute

The next *Eitel* factor considers the possibility that material facts are disputed. *PepsiCo*, 238 F. Supp. 2d at 1177; *Eitel*, 782 F.2d at 1471–72. Defendants have never asserted that the allegations in the Complaint are untrue. Thus, this factor supports entry of default judgment.

### 5.    Possibility of Excusable Neglect

The seventh *Eitel* factor considers whether a defendant's default may have resulted from excusable neglect. *Id.* The possibility of excusable neglect in this case is remote. Defendants were served with this lawsuit back in August and September of last year. (ECF Nos. 3, 6, 7.) They have had seven months but have not responded in any way to this lawsuit. Since Defendants were properly served with the Complaint, the Request for Entry of Default, and the Motion for Default Judgment (ECF Nos. 8-2, 11-2, 12-2, 18-13), all without response, it is unlikely the failure to respond is the result of excusable neglect. *See Shanghai Automation Instrument Co., Ltd. V. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because defendants "were properly served with the

Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Accordingly, this factor weighs in favor of the entry of default judgment.

### 6. Policy Favoring Decision on the Merits

"Cases should be decided upon their merits whenever it is reasonably possible." *Eitel*, 782 F.2d at 1472. The mere enactment of Rule 55(b) indicates, however, that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Sup. 2d at 1177 (quoting *Kloepping*, 1996 WL 75314, at *3) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible."). Since Defendants failed to plead or otherwise defend, the seventh *Eitel* factor does not preclude the entry of default judgment.

### 7. Conclusion

Aside from the policy of deciding cases on the merits, all the *Eitel* factors weigh in favor of the entry of default judgment. Consequently, the Court finds it appropriate to grant Plaintiff's Motion for Default Judgment against all three Defendants.

### C. Damages and Injunctive Relief

Plaintiff seeks injunctive relief under the ADA and statutory damages under the Unruh Civil Rights Act. (*See* Compl., Prayer for Relief).

Rule 54(c) limits the relief that can be sought in a motion for entry of default judgment to that identified in the complaint. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *see also PepsiCo*, 238 F. Supp. 2d at 1174 (stating that a default judgment "shall not be different in kind from or exceed in amount that prayed for in the [complaint]"). Plaintiff is seeking no more than that requested in the Complaint.

A plaintiff may only seek injunctive relief under the ADA. *Vogel v. Winchell's Donut Houses Operating Co., LP*, 252 F. Supp. 3d 977, 985 (C.D. Cal. 2017). However, under the Unruh Civil Rights Act, a plaintiff may also recover monetary relief. *Nat'l Federation of the Blind of CA v. Uber Technologies, Inc.*, 103 F. Supp. 3d 1073, 1081 (N.D. Cal. 2015); *see also Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1011 (C.D. Cal.

2014) ("Unlike the ADA, the Unruh Act permits the recovery of monetary damages, in the form of actual and treble damages or statutory damages of $4,000 per violation."). A plaintiff seeking monetary relief under the Unruh Act "is entitled to recover $4,000 for each occasion in which he was denied equal access." *Vogel*, 922 F. Supp. 2d at 1044 (citing Cal. Civ. C. §52(a)). "Proof of actual damages is not a prerequisite to the recovery of statutory minimum damages." *Id.*

Plaintiff is requesting that Arnaldo and Irma Vargas be held jointly and severally liable for $4,000 for a violation of the Unruh Civil Rights Act, and that JCP Mexican Restaurant, LLC, also be held liable for $4,000 for this violation. Since Plaintiff only details one violation, the Court finds it appropriate to award Plaintiff $4,000 for that violation, but will order that all Defendants be held jointly and severally liable for this violation.

Plaintiff also seeks injunctive relief under the ADA and Unruh Act compelling Defendants to provide a van-accessible parking space at the restaurant where JCP Mexican Restaurant is currently operating. A party is entitled to injunctive relief under these acts, including "an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities." *Id.* at 1015. Therefore, the Court **GRANTS** Plaintiff's request.

### D. Request for Attorney's Fees

Plaintiff also requests attorney's fees in the amount of $4737. Under both the ADA and the Unruh Civil Rights Act, a prevailing plaintiff is entitled to an award of reasonable attorney fees. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Recovery of such fees "is 'the rule rather than the exception.'" *Jankey v. Poop Deck*, 537 F.3d 1122, 1131 (9th Cir. 2008) (quoting *Herrington v. Co. of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989)).

Plaintiff submits bills for 7 hours of work billed at an hourly rate of $550–$590 per hour. (ECF No. 18-3.) The Court finds both the hours billed and the rates billed to be reasonable, and thus will grant Plaintiff's request for attorney's fees.

### III.  CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion for Default Judgment (ECF No. 18) and **ORDERS** the Clerk of the Court to enter judgment in favor of the Plaintiff and against all three Defendants jointly and severally in the amount of 4,000. The Court further **GRANTS** the requested Injunctive Relief and orders that the Defendants provide a van-accessible parking space at the restaurant located at 815 N. Santa Fe Avenue, Vista, California in compliance with the Americans with Disabilities Act accessibility standards.  Finally, the Court **GRANTS** Plaintiff attorney's fees in the amount of $4737. All three Defendants are jointly and severally liable for payment of these attorney's fees. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: April 1, 2020**

Hon. Cynthia Bashant
United States District Judge